Julius J. Whatley and Gloria K. Whatley v. Commissioner.
Whatley v. Commissioner
Docket No. 4279-63.
United States Tax Court
T.C. Memo 1965-21; 1965 Tax Ct. Memo LEXIS 310; 24 T.C.M. (CCH) 85; T.C.M. (RIA) 65021; February 8, 1965
*310 Held, in 1960 and 1961 Julius provided more than half of the support of his daughter by a prior marriage so that petitioners are entitled to a dependency exemption for her. Julius J. Whatley, pro se, 10316 Lakemere Dr., Dallas, Tex. Williard A. Herbert, for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined deficiencies in petitioners' income taxes for 1960 and 1961 in the amount of $132 for each year. The issue for decision is whether *311 in 1960 and 1961 petitioners provided more than one-half of the support for Julius' daughter by a prior marriage. Findings of Fact Julius J. and Gloria K. Whatley, husband and wife, reside in Dallas, Texas, and filed joint income tax returns for 1960 and 1961 with the district director of internal revenue at Dallas, Texas. Julius J. Whatley is hereinafter referred to as petitioner. Petitioner and Barbara W. Dray (hereinafter sometimes referred to as Barbara) were married in 1952. On May 2, 1953, a daughter, Robin Leigh Whatley (hereinafter sometimes referred to as Robin), was born of this marriage. Petitioner and Barbara were divorced in 1955, custody of Robin being awarded to Barbara by a Dallas court. During the period ivolved here, Robin lived with Barbara and attended public school in Dallas. Petitioner was given visitation rights enabling him to have custody of Robin on the first and third weekend of each month. On such weekends petitioner would pick up Robin on Friday afternoon, bring her to his home to spend the weekend, and return her to Barbara Sunday evening or Monday morning. Robin also visited petitioner during vacations. During these various visits he would incur *312 expenses for meals, transportation, gifts and miscellaneous items. Under the divorce decree, petitioner paid Barbara $65 per month for the support of Robin during 1960 and 1961, or a total of $780 each year. In addition, during 1960 he spent the following amounts for Robin's support: 1960
1961
Food
$ 77.00
$ 85.00
Lodging
215.00 [1]
160.00
Clothing
6.00
6.00
Medical and Dental
12.00
10.00
Entertainment
10.00
15.00
Transportation Expenses
33.60
33.60
Gifts, etc.
75.00
75.00
$428.60
$384.60
During 1960 and 1961, Barbara provided not more than $1,197.65 and $1,086.25 toward the support of Robin, exclusive of the weekly payments made to her by petitioner. Petitioner provided more than one-half of the support for Robin in 1960 and 1961. Opinion The only issue for our decision is whether petitioner provided more than one-half of Robin's support during 1960 and 1961 so as to be entitled to a dependency exemption for her under sections 151(e) and 152(a) of the 1954 Code. In order to carry his burden of proof, petitioner must establish both the amount of support which he provided *313 and the total amount spent for Robin's support. ; ; . We have concluded and found as a fact that petitioner has met his burden. To substantiate his contention, petitioner testified with regard to the items of support which he provided for Robin. His testimony was straightforward and credible; his estimates reasonable. In addition, he called Barbara as a witness. She testified with regard to the items of support which she had listed on forms 2038 she had submitted to the Internal Revenue Service in claiming Robin as a dependent for the years in question here. She admitted that she had no documentation for any of the amounts listed on the forms 2038 and that those figures were her estimates. Exclusive of the amounts paid to her by petitioner under the support agreement, Barbara estimated that she had contributed $1,197.65 and $1,086.25 toward Robin's support in 1960 and 1961. She did not indicate at trial that her estimates were too low, and we have no reason to believe this to be the case. We have found as a fact that petitioner contributed *314 more than these amounts during 1960 and 1961, and since no other person contributed toward Robin's support, [2] petitioner is entitled to a dependency exemption for her. Cf. . Decision will be entered for the petitioners. Footnotes
1. Includes bed and box springs purchased for Robin.↩
2. A statement made by Barbara would seem to indicate that she and Robin resided with Barbara's mother in the latter's home during the years in question. Whether Barbara or her mother provided the lodging for Robin, the total amount of support provided is the same and for purposes of this case, the legal ownership of the house is immaterial since its fair rental value has been included in the support not furnished by petitioner. Cf. .↩